# EXHIBIT "A"

949020 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

2004 SEP 24 PM 3:46

JAMES R. WATSON,
and
Carolyn WATSON,
his wife, Plaintiffs,
-vs.-

OCEANEERING
INTERNATIONAL, INC.

Defendant.

C.A. No. 04-1298

JURY TRIAL DEMANDED

### VERIFIED COMPLAINT

Comes now, the Plaintiff, James R. Watson by and through his attorney, PETER E. HESS, Esq. and alleges and avers as follows:

1) This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2) This is a seaman's action for personal injury brought pursuant to the Jones Act, 46 U.S.C. §688. Pursuant to 28 U.S.C. §1916, a seaman is entitled to bring this action without prepayment of costs, fees or the furnishing of security by the plaintiff.

### I. The Parties

3) James R. Watson ("Watson") is a domicile of the State of Utah whose residence is at 2241 South Canela Circle, Washington, Utah 84780.

4) Oceaneering International, Inc. ("Oceaneering") is a Delaware Corporation with its principal place of business in Texas.

1

## II. Juridiction and Venue

5) Plaintiff Watson is a merchant seaman and, prior to the facts set forth below, was for 12 years the Second Mate of Oceaneering's vessel *PERFORMER*. Watson fell severely ill to the point of nearly dying in the course of maritime employment while in Defendant's employ aboard *PERFORMER*. Plaintiff's maladies were caused by and/or severely exacerbated by the Defendant's negligence and the unseaworthiness of said vessel. Therefore, federal jurisdiction exists under maritime jurisdiction provided in the United States Constitution, Article III, §3 and the Jones Act, 42 U.S.C. §688.

6) Defendant Oceaneering is incorporated in Delaware. Its Registered Agent in the State of Delaware is the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## III. The Facts

7) On or about September 25, 2001, Plaintiff Watson was employed by Defendant Oceaneering as the Second Mate aboard Defendant's vessel, *PERFORMER*. Tasman remained in Defendant's employ until discharged in 2002.

8) On or about September 26, 2001, while at sea in the western Mediterranean, Plaintiff experienced severe epigastric pain characterized by multiple daily episodes of hematemesis (vomitting blood) and melena (bloody stools). Watson had no prior history of these symptoms. The severity of his condition confined Watson to his quarters, unable to eat. Watson's condition continued to worsen and within two days he was unable to walk. No intravenous nourishment was provided Watson.

2

9) Finally, with Watson close to death, Oceaneering evacauted the Plaintiff by helicopter to a hospital in Majorca, Spain. Watson remained in intensive care in the Spanish hospital for nearly two weeks. When he arrived, Watson was near death from loss of blood; he was suffering from pneumonia and severe dehydration as well. The underlying condition which had apparently triggered the cascading chain of medical events was diagnosed as a pseudocyst of Watson's pancreas.

10) On October 14, 2001, Watson was given a LifeLift to the United States where he was brought to St. Luke's Hospital in Houston, Texas. Watson remained in intensive care for almost another full month, being discharged to the hospital's rehabilitation center on Novemeber 8th and discharged on November 27th.

11) Watson returned with his wife to Utah for further convalesence but his condition quickly worsened again. On December 12, 2001, Watson was hospitalized at the Dixie Regional Medical Center in St. George, Utah, still suffering from the pseudocyst of the pancreas. Although Watson was discharged within several days with a stomach drainage tube and external bag, at home he grew steadily weaker and was rehospitalized on January 14, 2002.

12) Upon reexamination of Watson, it was found that his stomach-draining tube had punctured his colon, causing extensive abdominal injuries and infections. A perforated stomach lining was diagnosed as well. Watson was fitted with an iliostomy bag and forced to endure four separate drainage tubes to draw pus from his stomach. He did not return home until February, 2002; on the 14th of that month, Watson was outfitted with a permanent IV in his right arm to administer a heavy dose of antibiotics to kill his persistent internal infections. This IV was not removed until May, 2002.

3

13) Watson's treating physician concluded that all of his maladies and medical complications were a direct and proximate result of his orginal shipboard illness and Oceaneering's failure to promptly and properly respond to his obvious medical emergency.

## COUNT ONE: MAINTENANCE AND CURE

14) Plaintiff realleges all preceding paragraphs.

15) Because Watson's maladies manifested themselves in the course of maritime employment with Defendant, Oceaneering owes Watson maintenance and cure, to wit, weekly payments covering the Plaintiff's living expenses and payment of all medical bills and treatment related to said injuries until such time as Watson has been diagnosed by his treating physician as having reached maximum medical cure.

16) Watson has not yet reached maximum medical cure.

17) Watson has been totally disabled by his maladies, illnesses and their consequences; he was forced to retire from Oceaneering against his will and has been unable to return to maritime or any other employment since the onset of his maladies.

18) In spite of numerous demands to do so, Oceaneering has failed to honor its obligation to pay Watson's outstanding medical bills. Defendant's refusal to make ongoing payments of maintenance and medical expenses is unreasonable and recalcitrant. Therefore, Defendant also owes the Plaintiff reasonable attorney's fees.

WHEREFORE, Plaintiff asserts a claim for maintenance and cure as well as reasonable attorney's fees against the Defendant Oceaneering.

## COUNT TWO:
## JONES ACT NEGLIGENCE

19) Plaintiff realleges all preceding paragraphs.

20) Because of the Jones Act negligence of Defendant Oceaneering, Inc. in failing to promptly and properly respond to Watson's life-threatening medical emergency, Plaintiff sustained and/or endured the maladies heretofore alleged, physical and emotional pain and suffering and the loss of income. Watson has also sustained permanent impairment to his earning capacity.

WHEREFORE, Plaintiff asserts damages against the Defendant for its Jones Act negligence.

## COUNT THREE:
## UNSEAWORTHINESS

21) Plaintiff realleges all preceding paragraphs.

22) Defendant's vessel *PERFORMER* was unseaworthy because it did not have properly trained medical personnel onboard nor did the vessel or its crew promptly and properly respond to Watson's life-threatening medical emergency.

23) As a direct and proximate consequence of the unseaworthiness of *PERFORMER*, Plaintiff sustained the exacerbation of the maladies heretofore alleged, physical and emotional pain and suffering and loss of income. Watson's injuries are permanent; he has also sustained permanent impairment to his earning capacity.

WHEREFORE, Plaintiff claims damages against the Defendant for the unseaworthiness of its vessel.

### COUNT IV:
### LOSS OF CONSORTIUM

24) The Plaintiffs incorporate and re-allege allegations 1)-23).

25) This is an action for Carolyn Watson's loss of consortium.

26) Carolyn Watson, the wife of James K. Watson, lost the services and support of, and any conjugal relationship with, her husband since his September 25, 2001 illness and its subsequent medical complications.

27) The ensuing financial and emotional hardship of the Watson family has wrought an appreciable diminution in the family's standard of living.

WHEREFORE, Carolyn Watson prays for a finding of her loss of the consortium of her husband, James, and for the imposition of a judgment on her behalf for this loss and the attendant loss to her and her family of the financial, physical and emotional support of her husband and such other relief as may be just and reasonable.

Respectfully submitted,

September 24, 2004
Dated

PETER E. HESS, Esq.
3 Mill Road, Suite 303
Wilmington, DE 19806
ph: (302) 777-1715
DE Bar No. 2298

ATTORNEY FOR
PLAINTIFF JAMES R.
WATSON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

JAMES R. WATSON,
and
Carolyn WATSON,
his wife, Plaintiffs,

-vs.-

OCEANEERING
INTERNATIONAL, INC.

Defendant.

C.A. No.

JURY TRIAL
DEMANDED

## VERIFICATION

The Plaintiff, James R. Watson, having been made aware fo the penalties against perjury, hereby avers that the facts as set forth in the attached Complaint, are to the best of his knowledge, true and correct.

September 24, 2004
Dated

JAMES R. WATSON