IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| **JAMES R. WATSON and** | : | |
| **CAROLYN WATSON, h/w** | : | C. A. NO. 04-1298 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANT OCEANEERING INTERNATIONAL, INC.

Defendant Oceaneering International, Inc., (hereinafter "defendant"), by and through its attorneys, Rawle & Henderson, LLP, hereby submits its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as follows:

1. Plaintiffs James Watson and Carolyn Watson, husband and wife, filed a Complaint on September 24, 2004, pursuant to the Jones Act, 46 U.S.C. §688, and general maritime law, seeking damages for injuries allegedly sustained by plaintiff James Watson while on board the vessel PERFORMER. See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

2. At the time of the alleged incident, defendant Oceaneering International, Inc., was plaintiff James Watson's employer and operator of the PERFORMER.

3. At the time of the alleged incident, the owner of the PERFORMER was Ocean Systems Engineering, Inc., which is not a named a defendant in this case.

***Plaintiffs' Claim for Unseaworthiness Should be Dismissed as a Matter of Law as Defendant Oceaneering International, Inc., was not the Owner of the Vessel.***

4. Defendant Oceaneering International, Inc., was not the owner of the PERFORMER at the time plaintiff James Watson's became ill while working on the PERFORMER.

5. Count Three of plaintiffs' Complaint purports to state a claim for "unseaworthiness" against defendant Oceaneering International, Inc. See Exhibit "A".

6. Liability for "unseaworthiness" arises out of ownership, not the employer-employee relationship. See Quiming v. International Pacific Enterprises, Ltd., 773 F.Supp. 230 (D. Hawaii 1990), citing Baker v. Raymond International, Inc., 656 F.2d 173 (5th Cir. 1981); see also Guidry v. Continental Oil, 640 F.2d 523 (5th Cir. 1981), cert. denied, 454 U.S. 818 (1981).

7. Plaintiffs have failed to bring an action for "unseaworthiness" against the owner of the vessel, Ocean Systems Engineering, Inc. See Exhibit "A".

8. Accordingly, plaintiffs' claim for "unseaworthiness" against James Watson's employer, defendant Oceaneering International, Inc., must be dismissed as a matter of law.

***Motion for Summary Judgment Should be Granted Because Plaintiffs Have Failed to Produce an Expert Report Setting Forth the Standard of Care/ Duty Owed by the Defendant to the Plaintiff James Watson.***

9. In essence, plaintiffs' claim against the defendant is that the defendant failed to have properly trained medical personnel on board the vessel who could assess the severity of plaintiff's illness and take proper measures to treat plaintiff's illness. See Exhibit "A".

10. Plaintiffs have failed to produce an expert who will testify as to what type of medical personnel, if any, defendant was required to have on board the vessel, and what level of expertise and experience such personnel were to possess.

11. Plaintiffs have also failed to produce an expert who will testify as to what type of medical care/facilities defendant should have had available on the vessel; in addition, plaintiff has not produced an expert who will testify that the medical care which was given to plaintiff was inadequate or fell below required standards.

12. Pursuant to this Court's Order of March 29, 2005, plaintiffs' expert reports were due on or before June 30, 2005. See a true and correct copy of the March 29, 2005, Order attached hereto as Exhibit "B".

13. The standard of care an employer owes its seaman employee with respect to medical care and/or medical personnel it should provide on board a vessel is not an issue that can be determined by an inexperienced layman, but rather is a question that must be addressed through expert testimony. See Wills v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004).

14. Plaintiffs have produced the expert report of Michael Manyak, M.D.; however, Dr. Manyak merely opines that the defendant's delay in evacuating the plaintiff from the vessel caused and/or exacerbated plaintiff's injuries. Dr. Manyak does not provide an opinion regarding the level of medical care and/or the type of medical personnel the defendant should have had available on the vessel, nor does Dr. Manyak provide an opinion regarding whether the level of care that plaintiff did receive while on the vessel fell below required standards. See a true and correct copy of Dr. Manyak's report, attached hereto as Exhibit "C".

15. Accordingly, because plaintiffs have failed to establish the duty and/or standard of care owed to plaintiff with respect to the level of medical care and/or medical personnel that it should have had available on the vessel at the time plaintiff fell ill, defendant submits that its motion for summary judgment should be granted and plaintiffs' Complaint dismissed with prejudice.

***Motion for Summary Judgment Should be Granted as to Plaintiff Carolyn Watson's Claim for Loss of Consortium.***

16. Count Four of the Complaint seeks damages for plaintiff Carolyn Watson pursuant to a claim for loss of consortium. See Exhibit "A".

17. The Jones Act, 46 U.S.C. §688, does not recognize a claim brought by a spouse of a Jones Act seaman for loss of consortium. The Act states in pertinent part:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C. §688 (a). (Emphasis added).

18. A loss of consortium claim is not available for the spouse of an injured seaman under 46 U.S.C. §688.

19. In addition, courts have held that the general rule that a spouse of an injured seaman has no claim of loss of consortium under the Jones Act is extended to actions brought under general maritime law. See Dunbar v. American Commercial Barge Lines Company, 771 F.Supp. 151 (M.D. La. 1991), citing Miles v. Apex Marine Corporation, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); see also, Melancon v. Petrostar Corp., 762 F.Supp. 1261 (W.D. La. 1991); Igneri v. Cie de Transports Oceaniques (2d Cir. 1963).

20. A cause of action for loss of consortium must be derived from common law unseaworthiness. Quiming v. International Pacific Enterprises, Ltd., 773 F.Supp. at 238.

21.    Therefore, the loss of consortium claim brought by Carolyn Watson cannot succeed pursuant to either the Jones Act or general maritime law. Furthermore, because her claim is derived from her husband James Watson's "unseaworthiness" claim, it too must be dismissed as a matter of law.

WHEREFORE, defendant Oceaneering International, Inc., respectfully requests this Honorable Court to grant its Motion for Summary Judgment and enter the orders in the form attached.

> Respectfully submitted,
>
> RAWLE & HENDERSON LLP
>
>
> By: /s/ William J. Cattie, III, Esq.
>     William J. Cattie, III, Esquire
>     Carl D. Buchholz, III, Esquire
>     Michael C. Gallagher, Esquire
>     Attorneys for Defendant
>     Oceaneering International, Inc.
>
> Rawle & Henderson, LLP
> The Widener Building
> One South Penn Square
> Philadelphia, PA 19107
> (215) 575-4200

DATE:  8/1/05

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY**

| | | |
|---|---|---|
| JAMES R. WATSON and | : | |
| CAROLYN WATSON, h/w | : | C. A. NO. 04-1298 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| OCEANEERING | : | |
| INTERNATIONAL, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, William J. Cattie, Esquire, do hereby certify that on this date I have caused to be sent via U.S. Mail two copies of the Defendant's Motion for Summary Judgment to the following individual(s):

>Peter E. Hess, Esq.
>3 Mill Road, Suite 303
>Wilmington, DE 19806

RAWLE & HENDERSON, LLP

BY: /s/ William J. Cattie, III, Esq.
William J. Cattie, III, Esquire
Carl D. Buchholz, III, Esquire
Michael C. Gallagher, Esquire
Attorneys for Defendant
Oceaneering International, Inc.

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Date: 8/1/05