IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| JAMES R. WATSON and | : | |
| CAROLYN WATSON, h/w | : | C. A. NO. 04-1298 |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| OCEANEERING | : | |
| INTERNATIONAL, INC. | : | |
| | : | |
|     Defendant. | : | |

**BRIEF IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT OCEANEERING INTERNATIONAL, INC.**

Defendant Oceaneering International, Inc., (hereinafter "defendant"), by and through its attorneys, Rawle & Henderson, LLP, hereby submits its Brief in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as follows:

**I.   FACTS**

Plaintiffs James Watson and Carolyn Watson, husband and wife, filed a Complaint on September 24, 2004, pursuant to the Jones Act, 46 U.S.C. §688, and general maritime law, seeking damages for injuries allegedly sustained by plaintiff James Watson while on board the vessel PERFORMER. See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A". At the time of the alleged incident, defendant Oceaneering International, Inc., was plaintiff James Watson's employer; at the time of the alleged incident the owner of the PERFORMER was Ocean Systems Engineering, Inc., which is not a named a defendant in this case.

Defendant submits the within Motion for Summary Judgment based on three issues: (1) plaintiffs' claim against defendant for "unseaworthiness" must fail as defendant was not the

owner of the vessel; (2) plaintiffs' failure to produce an expert who will testify as to what type of medical care and/or medical personnel, if any, defendant was required to make available on board the vessel, and what level of expertise and experience such personnel were to possess. Further, plaintiffs have failed to produce an expert who will testify that the medical care provided to the plaintiff James Watson was inadequate and/or fell below required standards; and (3) plaintiff Carolyn Johnson's claim for loss of consortium must fail as it is derived from her husband James Watson's "unseaworthiness" claim and is not recognized under the Jones Act 46 U.S.C. §688, or general maritime law.

## II.     ISSUES PRESENTED

(a)     Should plaintiffs' "unseaworthiness" claim be dismissed where the defendant was not the owner of the vessel at the time of the occurrence which is the basis of this lawsuit?

**SUGGESTED ANSWER:** Yes

(b)     Should plaintiffs' Complaint be dismissed as a matter of law for plaintiffs' failure to produce an expert to testify as to the level and expertise of medical care and/or medical personnel that should have been available on the vessel at the time of plaintiff James Watson's illness; and whether the medical care that plaintiff did receive fell below required standards?

**SUGGESTED ANSWER:** Yes.

(c)     Should plaintiff Carolyn Watson's claim be dismissed as a matter of law when it is derived from her husband plaintiff James Watson's "unseaworthiness" claim against the defendant and is not recognized under the Jones Act, 46 U.S.C. §688 or general maritime law?

**SUGGESTED ANSWER:** Yes.

## III.    LEGAL ARGUMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).  Applying this rule, the United States Supreme Court delineated the standard applicable to motions for summary judgment in what has been termed "its summary judgment trilogy." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 477 U.S. 242 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Co.</u>, 106 S. Ct. 1348, 475 U.S. 574 (1986).  In <u>Celotex</u>, the Court said:

> In our view, the plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

106 S. Ct. at 2553, 477 U.S. at 322-23  (emphasis added).  This language was rephrased in <u>Liberty Lobby</u> when the Court stated "[the summary judgment] standard mirrors the standard for a directed verdict . . . which is that the trial judge <u>must</u> direct a verdict if under the governing law, there can be but one reasonable conclusion as to the verdict." 106 S. Ct. at 2511, 477 U.S. at 243.

The mandatory language of these decisions expresses the Supreme Court's viewpoint that summary judgment is <u>not</u> a harsh sanction to be avoided.  In fact, the Supreme Court stated the "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy and inexpensive determination of every action.'" Celotex, 106 S. Ct. at 2555, 477 U.S. at 325 quoting Fed. R. Civ. P. 11. "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way to accomplish this purpose." Id. at 2553, 477 U.S. at 323. Consequently, "a party resisting a motion for summary judgment must come forward with more than speculation in order to raise a material issue of fact." Keystone Data Systems, Inc. v. James F. Wild, Inc., 549 F. Supp. 790, 792 (E.D. Pa. 1982); see also Gans v. Mundy, 762 F.2d 338, 343 (3d Cir. 1985), cert. denied 106 S. Ct. 537, 474 U.S. 1010 (1985); Zimmer Paper Products, Inc. v. Berger & Montague, P.C., 758 F.2d 86, 94 (3d Cir. 1985), cert. denied, 106 S. Ct. 228, 474 U.S. 902 (1985). "Therefore, while the moving party bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact, Rule 56(c) requires the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Davis v. Kambara Kisen Co. Ltd., 1990 A.M.C. 2825, 2826 (E.D. Pa. 1990), quoting Celotex, 106 S.Ct. at 2553, 477 U.S. 317.

   **A. Plaintiffs' Claim for Unseaworthiness Should be Dismissed as a Matter of Law as Defendant Oceaneering International, Inc., was not the Owner of the Vessel.**

Defendant Oceaneering International, Inc., was not the owner of the PERFORMER at the time plaintiff James Watson became ill while working on the PERFORMER. Count Three of plaintiffs' Complaint purports to state a claim for "unseaworthiness" against defendant Oceaneering International, Inc. See Exhibit "A". Liability for "unseaworthiness" arises out of ownership, not the employer-employee relationship. See Quiming v. International Pacific

Enterprises, Ltd., 773 F.Supp. 230 (D. Hawaii 1990), citing Baker v. Raymond International, Inc., 656 F.2d 173 (5th Cir. 1981); see also Guidry v. Continental Oil, 640 F.2d 523 (5th Cir. 1981), cert. denied, 454 U.S. 818 (1981).

Plaintiffs have failed to bring an action for "unseaworthiness" against the owner of the vessel, Ocean Systems Engineering, Inc. See Exhibit "A". Accordingly, plaintiffs' claim for "unseaworthiness" against James Watson's employer, defendant Oceaneering International, Inc., must be dismissed as a matter of law.

### B. Motion for Summary Judgment Should be Granted Because Plaintiffs Have Failed to Produce an Expert Report Setting Forth the Standard of Care/Duty Owed to the Plaintiff James Watson by Defendant.

In essence, plaintiffs' claim against the defendant is that the defendant failed to have properly trained medical personnel on board the vessel who could assess the severity of plaintiff's illness and take proper measures to treat plaintiff's illness. See Exhibit "A". Plaintiffs, however, have failed to produce an expert who will testify as to what type of medical personnel, if any, defendant was required to have on board the vessel, and what level of expertise and experience such personnel were to possess. Plaintiff has also failed to produce an expert who will testify as to what type of medical care/facilities defendant should have had available on the vessel; in addition, plaintiff has not produced an expert who will testify that the medical care which was given to plaintiff was inadequate or fell below required standards.

Pursuant to this Court's Order of March 29, 2005, plaintiffs, expert reports were due on or before June 30, 2005. See a true and correct copy of the March 29, 2005, Order attached hereto as Exhibit "B".

The standard of care an employer owes its seaman employee with respect to medical care and/or medical personnel it should provide on board a vessel is not an issue that can be

determined by an inexperienced layman, but rather is a question that must be addressed through expert testimony.  See Wills v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004).  Plaintiffs have produced the expert report of Michael Manyak, M.D.; however, Dr. Manyak merely opines that the defendant's delay in evacuating the plaintiff from the vessel caused and/or exacerbated plaintiff's injuries.  Dr. Manyak does not provide an opinion regarding whether the level of medical care and/or the type of medical personnel the defendant should have had available on the vessel, nor does Dr. Manyak provide an opinion regarding the level of care that plaintiff did receive while on the vessel fell below the required standard of care.  See a true and correct copy of Dr. Manyak's report, attached hereto as Exhibit "C".

It is well settled that expert testimony is unnecessary in cases where jurors "are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training." Willis v. Amerada Hess Corp., 370 F.3d 32 (2d Cir. 2004)(upholding motion for summary judgment in Jones Act case for plaintiff's failure to produce an expert on causation of deceased seaman's carcinoma), citing Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962).  However, an issue which concerns the standard of care and/or duty an employer owes its seaman employee with respect to medical care and/or medical personnel it should provide on board a vessel, and whether the employer's alleged failure to meet this standard of care caused and/or exacerbated plaintiff's injuries, is not an issue that can be determined by an the inexperienced layman, but rather is an issue that must be addressed through expert testimony.  See Wills v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004).

The PERFORMER is a commercial research salvage vessel.  Plaintiffs have failed to produce any evidence that the defendant was required to have a crew member with a medical

degree, or someone who specialized in gastrointestinal medicine. Further, plaintiffs have produce no evidence establishing that the medical personnel and/or medical treatment provided to the plaintiff on board the PERFORMER failed to meet industry standards and/or requirement or was performed in a negligent matter. Without such evidence, plaintiffs simply cannot make out a *prima facie* case for negligence and, therefore, plaintiffs claims must be dismissed as a matter of law.

### C. Plaintiff Carolyn Watson's Loss of Consortium Claim is not Recognized Under the Jones Act, 46 U.S.C. §688 or General Maritime Law.

Count Four of the Complaint seeks damages for plaintiff Carolyn Watson pursuant to a claim for loss of consortium. See Exhibit "A". The plain language of 46 U.S.C. §688 reflects that it does not set forth a claim for loss of consortium for the spouse of an injured seaman:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C. §688 (a). (Emphasis added).

A loss of consortium claim is not available for the spouse of an injured seaman under 46 U.S.C. §688. The courts have also held that the general rule that a spouse of an injured seaman has no claim for loss of consortium under the Jones Act is extended to actions brought under general maritime law. See Dunbar v. American Commercial Barge Lines Company, 771 F.Supp. 151 (M.D. La. 1991), citing Miles v. Apex Marine Corporation, 498 U.S. 19, 111 S.Ct. 317, 112

L.Ed.2d 275 (1990); see also, Melancon v. Petrostar Corp., 762 F.Supp. 1261 (W.D. La. 1991); Igneri v. Cie de Transports Oceaniques (2d Cir. 1963).

In Melancon v. Petrostar Corporation, supra., a seaman filed suit under the Jones Act and general maritime law for damages allegedly suffered while working on a ship. His spouse sought damages for loss of consortium under general maritime law. The defendant vessel owner sought dismissal of the spouse's claim for loss of consortium. The district court recognized there was "no doubt" that a loss of consortium claim could not be recognized under the Jones Act which is "construed to permit only pecuniary damages." Melancon v. Petrostar, 762 F.Supp. at 1262 (emphasis added). Relying on Miles v. Apex Marine Corp, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Melancon court went a step further and held that there could be no claim for loss of consortium under general maritime law as well.

Causes of action for loss of consortium must be derived from common law unseaworthiness. Quiming v. International Pacific Enterprises, Ltd., 773 F.Supp. at 238. Therefore, the loss of consortium claim brought by Carolyn Watson cannot succeed pursuant to either the Jones Act or general maritime law. Furthermore, because her claim is derived from her husband James Watson's "unseaworthiness" claim, it too must be dismissed as a matter of law.

## IV. CONCLUSION

For all of the foregoing reasons, defendant Oceaneering International, Inc., respectfully requests this Honorable Court to grant its Motion for Summary Judgment and enter an Order in the form attached.

                                                           Respectfully submitted,

                                                           RAWLE & HENDERSON LLP

|  |  |
|---|---|
| | By: /s/ William J. Cattie, III, Esq. |
| | William J. Cattie, III, Esquire |
| | Carl D. Buchholz, III, Esquire |
| | Michael C. Gallagher, Esquire |
| | Attorneys for Defendant |
| | Oceaneering International, Inc. |
| | |
| | Rawle & Henderson, LLP |
| | The Widener Building |
| | One South Penn Square |
| | Philadelphia, PA 19107 |
| DATE: | (215) 575-4200 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY**

| | | |
|---|---|---|
| JAMES R. WATSON and | : | |
| CAROLYN WATSON, h/w | : | C. A. NO. 04-1298 |
|     **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| OCEANEERING | : | |
| INTERNATIONAL, INC. | : | |
| | : | |
|     **Defendant.** | : | |

## ORDER

AND NOW, on this _____ day of _____, 2005, in consideration of the Motion for Summary Judgment of Defendant Oceaneering International, Inc., and any response thereto, it is hereby ORDERED that the Motion is GRANTED, and plaintiff Carolyn Watson's claim for loss of consortium is DISMISSED as a matter of law.

 

                                                 _____
                                                                  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| **JAMES R. WATSON and** | : | |
| **CAROLYN WATSON, h/w** | : | C. A. NO. 04-1298 |
|       **Plaintiffs,** | : | |
| | : | |
|    v. | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
|       **Defendant.** | : | |

## ORDER

AND NOW, on this _____ day of _____, 2005, in consideration of the Motion for Summary Judgment of Defendant Oceaneering International, Inc., and any response thereto, it is hereby ORDERED that the Motion is GRANTED, and plaintiffs' Complaint is DISMISSED with prejudice for failing to produce an expert to establish the standard of care/duty owed to the plaintiff.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | |
|---|---|
| JAMES R. WATSON and<br>CAROLYN WATSON, h/w<br>        Plaintiffs,<br><br>    v.<br><br>OCEANEERING<br>INTERNATIONAL, INC.<br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    C. A. NO. 04-1298 |

## ORDER

AND NOW, on this _____ day of _____, 2005, in consideration of the Motion for Summary Judgment of Defendant Oceaneering International, Inc., and any response thereto, it is hereby ORDERED that the Motion is GRANTED, and Count Three of Plaintiff's Complaint for "unseaworthiness" is dismissed with prejudice.

_____
                                                                                                        J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**
**IN ADMIRALTY**

| | | |
|---|---|---|
| **JAMES R. WATSON** and | : | |
| **CAROLYN WATSON, h/w** | : | C. A. NO. 04-1298 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, William J. Cattie, Esquire, do hereby certify that on this date I have caused to be sent via U.S. Mail two copies of the Brief in Support of Defendant's Motion for Summary Judgment to the following individual(s):

Peter E. Hess, Esq.
3 Mill Road, Suite 303
Wilmington, DE 19806

        RAWLE & HENDERSON, LLP

        <u>/s/ William J. Cattie, III, Esq.</u>
        William J. Cattie, III, Esquire
        Carl D. Buchholz, III, Esquire
        Michael C. Gallagher, Esquire
        Attorneys for Defendant
        Oceaneering International, Inc.

        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        (215) 575-4200

Date: <u>8/1/05</u>