**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY**

| | | |
|---|---|---|
| **JAMES R. WATSON and** | : | |
| **CAROLYN WATSON, h/w** | : | **C. A. NO. 04-1298** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION *IN LIMINE* OF DEFENDANT OCEANEERING INTERNATIONAL, INC.

Defendant Oceaneering International, Inc., (hereinafter "defendant"), by and through its attorneys, Rawle & Henderson, LLP, hereby submits its Motion *in Limine* as follows:

1.     Plaintiffs James Watson and Carolyn Watson, husband and wife, filed a Complaint on September 24, 2004, pursuant to the Jones Act, 46 U.S.C. §688, and general maritime law, seeking damages for injuries allegedly sustained by plaintiff James Watson while on board the vessel PERFORMER.  See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

2.     Plaintiffs' remaining claim[1] against the defendant is that the defendant negligently failed to "promptly and properly respond to Watson's life-threatening medical emergency."  See Exhibit "A".

---

[1] The Court granted in part defendant's Motion for Summary Judgment, dismissing plaintiffs' "unseaworthiness" claim and loss of consortium claim.  Plaintiff James Watson's Jones Act claim is the only claim remaining.

3.    Defendant submits that plaintiffs have failed to produce an expert who is qualified to testify that the defendant negligently failed to "promptly and properly respond to Watson's life-threatening medical emergency."

4.    The standard of care an employer of crew members of an ocean going vessel owes its seaman employee with respect to medical care and/or medical personnel it should provide on board a vessel is not an issue that can be determined by an inexperienced layman, but rather is a question that must be addressed through testimony of a maritime expert.  See e.g., Willis v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004).

5.    Plaintiffs have produced the expert report of Michael Manyak, M.D., who opines that defendant's alleged delay in evacuating plaintiff from the vessel was "negligent".  See a true and correct copy of Dr. Manyak's report, attached hereto as Exhibit "B".

6.    Dr. Manyak is a medical expert and is not qualified to give an opinion regarding whether or not defendant was "negligent" and/or whether defendant's alleged actions/omissions fell below the required standard of care of an employer of crew members on an ocean going vessel.

7.    Rule 702 of the Federal Rules of Evidence governs testimony by experts, and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

8.     The first requirement under F.R.E. 702 is that a witness proffered to testify to specialized knowledge must be qualified as an expert.

9.     Dr. Manyak's opinions with respect to liability are beyond his professional background and experience.  An expert is not permitted to give opinions beyond the purview and scope of his expertise.  See F.R.E. 702; see also, Kerrigan v. Maxon Industries, 223 F.Supp.2d 626 (E.D.Pa. 2003), citing Surace v. Caterpillar, 111 F.3d 1039, 1053 (3d Cir. 1997); Lillis v. Lehigh Valley Hospital, Inc., No. Civ. 97-3459, 1999 WL 718231, at *5 (E.D.Pa. Sept. 3, 1999).

10.     Dr. Manyak has no purported education, experience, background, knowledge, and/or training required of an expert to give opinions regarding the standard of care required in the maritime industry with respect to the proper medical care a maritime employee and/or crew member must provide to an injured or ill seaman on an ocean going vessel.

11.     Moreover, the setting where this incident occurred is unique, unlike that found on shore side, as it took place on the high seas where easily accessible medical facilities and personnel are simply not found.

12.     Moreover, Dr. Manyak's professional history reflects that he is an expert in urology; he is not an expert in plaintiff's alleged illness, pancreatitis[2].

WHEREFORE, defendant respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude Michael Manyak, M.D. from offering opinions regarding defendant's alleged negligence and/or alleged breach of duty and/or standard of care.

---

[2] Defendant reserves the right to challenge Dr. Manyak's purported expert credentials in this regard at the time of trial.

Respectfully submitted,

RAWLE & HENDERSON LLP

By:    /s/ William J. Cattie, III
       William J. Cattie, III, Esquire
       Carl D. Buchholz, III, Esquire
       Michael C. Gallagher, Esquire
       Attorneys for Defendant
       Oceaneering International, Inc.

       Rawle & Henderson, LLP
       300 Delaware Avenue
       Suite 1015
       Wilmington, DE 19801
DATE: 09/27/05        (302) 778-1400

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE
### IN ADMIRALTY

| | | |
|---|---|---|
| **JAMES R. WATSON and** | : | |
| **CAROLYN WATSON, h/w** | : | **C. A. NO. 04-1298** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
| **Defendant.** | : | |

### MOTION *IN LIMINE* OF DEFENDANT
### OCEANEERING INTERNATIONAL, INC., TO PRECLUDE CERTAIN TESTIMONY

Defendant Oceaneering International, Inc., (hereinafter "defendant"), by and through its

attorneys, Rawle & Henderson, LLP, hereby submits its Memorandum of Law in support of its

Motion *in Limine* as follows:

## I.    FACTUAL BACKGROUND

Plaintiffs James Watson and Carolyn Watson, husband and wife, filed a Complaint on

September 24, 2004, pursuant to the Jones Act, 46 U.S.C. §688, and general maritime law,

seeking damages for injuries allegedly sustained by plaintiff James Watson while on board the

vessel PERFORMER.  See a true and correct copy of Plaintiffs' Complaint attached hereto as

Exhibit "A".  Plaintiffs' remaining claim[3] against the defendant is that the defendant negligently

failed to "promptly and properly respond to Watson's life-threatening medical emergency."  See

Exhibit "A".

---

[3] The Court granted in part defendant's Motion for Summary Judgment, dismissing plaintiffs' "unseaworthiness" claim and loss of consortium claim.  Plaintiff James Watson's Jones Act claim is the only claim remaining.

Defendant submits that plaintiffs have failed to produce an expert who is qualified to testify that the defendant negligently failed to "promptly and properly respond to Watson's life-threatening medical emergency."

## II.    LEGAL ARGUMENT

### A.    The Opinions Of Michael Manyak M.D. On Issues of Liability Are Beyond The Scope of His Expertise

Defendant submits that plaintiffs have failed to produce an expert who is qualified to support their claim that the defendant negligently failed to "promptly and properly respond to Watson's life-threatening medical emergency". See Exhibit "A".   The standard of care an employer of crew members of an ocean going vessel owes its seaman employee with respect to medical care and/or medical personnel it should provide on board a vessel is not an issue that can be determined by an inexperienced layman, but rather is a question that must be addressed through testimony of a maritime expert. See e.g., Willis v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004).

Plaintiffs have produced the expert report of Michael Manyak, M.D., who opines that defendant's alleged delay in evacuating plaintiff from the vessel was "negligent". See a true and correct copy of Dr. Manyak's report, attached hereto as Exhibit "B". Dr. Manyak is a medical expert and is not qualified to give an opinion regarding whether or not defendant was "negligent" and/or whether defendant's alleged actions/omissions fell below the required standard of care of an employer of crew members on an ocean going vessel.

Rule 702 of the Federal Rules of Evidence governs testimony by experts, and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

> experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

The first requirement under F.R.E. 702 is that a witness proffered to testify to specialized knowledge must be qualified as an expert. Dr. Manyak's opinions with respect to liability are beyond his professional background and experience. An expert is not permitted to give opinions beyond the purview and scope of his expertise. See F.R.E. 702; see also, Kerrigan v. Maxon Industries, 223 F.Supp.2d 626 (E.D.Pa. 2003), citing Surace v. Caterpillar, 111 F.3d 1039, 1053 (3d Cir. 1997); Lillis v. Lehigh Valley Hospital, Inc., No. Civ. 97-3459, 1999 WL 718231, at *5 (E.D.Pa. Sept. 3, 1999).

Dr. Manyak has no education, experience, background, knowledge, and/or training required of an expert to give opinions concerning the standard of care required in the maritime industry with respect to the proper medical care a maritime employee and/or crew member must provide to an injured or ill seaman on an ocean going vessel. Therefore, his testimony regarding plaintiff's alleged negligence for failing to provide this standard of care must be precluded. Moreover, the setting where this incident occurred is unique, unlike that found on shore side, as it took place on the high seas where easily accessible medical facilities and personnel are simply not found.

In addition, Dr. Manyak's professional history reflects that he is an expert in urology; he is not an expert in plaintiff's alleged illness, pancreatitis[4].

---

[4] Defendant reserves the right to challenge Dr. Manyak's purported expert credentials in this regard at the time of trial.

III.    **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Honorable Court grant its Motion *in Limine* and preclude Michael Manyak, M.D., from offering opinions at trial regarding whether defendant was "negligent" and/or whether defendant's alleged actions/omissions fell below a required standard of care.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By: /s/ William J. Cattie, III
    William J. Cattie, III Esquire
    Carl D. Buchholz, III, Esquire
    Michael C. Gallagher, Esquire
    Attorneys for Defendant
    Oceaneering International, Inc.

    Rawle & Henderson, LLP
    300 Delaware Avenue
    Suite 1015
    Wilmington, DE 19801
DATE: 09/27/05    (302) 778-1400

## <u>CERTIFICATE OF SERVICE</u>

I, William J. Cattie, Esquire, do hereby certify that a copy of the foregoing Motion *in*

*Limine* has been served via regular mail to the following of record:

> Peter E. Hess, Esq.
> 3 Mill Road, Suite 303
> Wilmington, DE 19806
> *(Attorney for Plaintiffs)*


RAWLE & HENDERSON, LLP


By:    /s/ William J. Cattie, III
        William J. Cattie, III, Esquire
        Carl D. Buchholz, III, Esquire
        Michael C. Gallagher, Esquire
        Attorneys for Defendant
        Oceaneering International, Inc.

        Rawle & Henderson, LLP
        300 Delaware Avenue
        Suite 1015
        Wilmington, DE 19801
DATE: 09/27/05        (302) 778-1400

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY**

| | | |
|---|---|---|
| **JAMES R. WATSON and** | : | |
| **CAROLYN WATSON, h/w** | : | **C. A. NO. 04-1298** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OCEANEERING** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of

the Motion *in Limine* of Defendant Oceaneering International, Inc., and any response thereto, it

is hereby ORDERED that the Motion is GRANTED, and plaintiff's medical expert, Michael

Manyak, M.D., is precluded from offering opinions at trial regarding whether defendant was

"negligent" and/or whether defendant's alleged actions/omissions fell below a required standard

of care.


_____
, J.